UNITED STATES DISTRICT COURT OF SOUTH CAROLINA

Plaintiff: Chasity Boyd, Pro Se

vs

Defendant: HP SC I LLC

RCV'D - USDC COLA SC
DEC 30 '24 PM 4:15

## MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION TO HALT EVICTION

**COMES NOW** the Plaintiff, Chasity Boyd, proceeding pro se, and respectfully moves this Honorable Court to issue a Temporary Restraining Order (TRO) and Preliminary Injunction to enjoin the Defendant, HP SC I LLC, from proceeding with the eviction of the Plaintiff from the property located at 214 Autumn Run Circle Columbia SC 29229. In support of this motion, the Plaintiff states the following:

### FACTUAL BACKGROUND

1. Plaintiff is the lawful occupant and resident of the property located at 214 Autumn Run Circle Columbia, SC 29229

2. Defendant has initiated eviction proceedings against the Plaintiff based on an alleged default on a debt purportedly secured by the property.

3. Defendant has failed to produce the original promissory note or any sufficient documentation to establish its legal standing to collect on the alleged debt or to enforce the eviction.

4. Plaintiff has deposited lawful money with the court to settle the alleged amount due on the debt. Despite this, the court has refused to accept the payment as resolution of the matter.

5. Plaintiff has provided a security instrument, which is trust property, to the Defendant. Plaintiff retains rights and interests in the trust property, which should be recognized and protected by this Court.

### LEGAL ARGUMENT

#### I. Defendant Has Failed to Establish Standing to Enforce the Alleged Debt.

6. Federal law requires a party seeking to enforce a debt to produce the original note as evidence of its authority to collect on the debt. (See *UCC § 3-309*; *Carpenter v. Longan*, 83 U.S. 271 (1872)).

7. Federal law 15 USC 1692e a debt collector cannot misrepresent the legal status of the debt or claim to have documentation they do not possess.

8. Defendant has not produced the original note or provided adequate evidence to demonstrate that it is the lawful holder in due course of the note.

## II. Plaintiff Has Attempted to Settle the Alleged Debt Through Lawful Means.

9. Plaintiff has tendered lawful money to settle the amount claimed as owed, but the court has refused to accept this payment. This refusal constitutes a violation of the Plaintiff's right to equitable relief.

10. Under 28 USC 2041, All moneys paid into any court of the United States, or received by the officer thereof, in any case pending or adjudicated in such court, shall be forthwith deposited with the Treasurer of the United States or a designated depositary, in the name and to the credit of such court.

11. The court is upholding the statement that the birth certificate is not a payment however under federal law UCC 3-104 this would be a negotiable instrument. Also under UCC 8-102 this document is a certificated security.

12. Courts and government entities must follow commercial law when interacting with financial instruments like a Private Bond ,Clearfield Trust Co v. United States, 318 U.S 363(1943).

## III. The Security Instrument Provided to Defendant Constitutes Trust Property.

13. The Plaintiff has provided a security note that is trust property, in which Plaintiff retains vested rights and interests. Defendant's attempt to foreclose on this trust property without recognizing Plaintiff's interests violates trust law principles and equitable doctrines.

14. The property in question is collateral for the use of trust property, which the trust has already placed perfected the lien on said property.

## IV. Irreparable Harm Will Result if the Injunction Is Not Granted.

15. Plaintiff will suffer irreparable harm, including loss of housing, emotional distress, and damage to credit and reputation, if the eviction is allowed to proceed.

16. There would be breach of contract with the trust due to the trust not being given its rights and interest that is due.

17. The balance of equities favors the Plaintiff, as the harm to Plaintiff outweighs any speculative harm to Defendant.

18. Issuance of an injunction serves the public interest by ensuring that legal processes are properly followed and that individuals' rights are protected.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Grant a Temporary Restraining Order to immediately halt the eviction of Plaintiff from the property located at 214 Autumn Run Circle Columbia SC 29229.

2. Schedule a hearing on the Plaintiff's request for a Preliminary Injunction to prevent eviction until the Court resolves the underlying issues of Defendant's standing and Plaintiff's rights and interests in the security property.

3. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,


Chasity Boyd
Pro Se Litigant
214 Autumn Run Circle
Columbia SC 29229
803-569-8602

*/s/ Chasity Boyd*
Date: 12/30/2024